FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARRIE D., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1] <br><br> Defendant. | No: 1:20-CV-03227-FVS <br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is the Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 8. For reasons discussed below, the Court denies Defendant's motion, ECF No. 8.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

# BACKGROUND

On December 7, 2020, Plaintiff filed a complaint pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), challenging the Social Security Commissioner's (Defendant) final decision denying Plaintiff's application for Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI). ECF No. 1. In the Complaint, Plaintiff alleged that the Notice of Appeals Council Action dated September 21, 2020 was received on October 7, 2020. ECF No. 1 at 2. Plaintiff included the Declaration of Karina Serrano confirming that the Notice of Appeals Council Action dated September 21, 2020 was received by counsel's office on October 7, 2020. ECF No. 1-5.

On May 13, 2021, Defendant filed the instant motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to bring this action within 60 days of receiving notice of the Commissioner's final decision, which was the Notice of Appeals Council Action.

In support of the motion, Defendant submitted a declaration from Dexter Potts of the Social Security Administration's Office of Appellate Operations, stating: (1) on March 26, 2020, an Administrative Law Judge issued a decision denying Plaintiff's claim for SSDI; (2) Plaintiff subsequently requested review of the Administrative Law Judge's (ALJ) decision; (3) the Appeals Council sent Plaintiff a notice dated September 21, 2020 denying her request for review. ECF No. 8-1 at 3. The noticed informed Plaintiff that she had 60 days to file a civil action from the

ORDER ~ 2

date of receipt of the notice and that receipt is presumed five days after the date of the notice. *Id*. at 56. Dexter Potts stated Plaintiff did not request an extension of time to file a civil action as specified in the notice. *Id*. at 4.

Plaintiff responded to Defendant's motion by asserting that the time period in which to file a civil action was 60 days from the day the Notice of Appeals Council Action was received by her, and that it was not received until October 7, 2020. ECF No. 9. As evidence, Plaintiff points to the assertion made in the Complaint, ECF No. 1, and the Declaration of Karina Serrano, ECF No. 1-5, filed with the Complaint. ECF No. 9.

## LEGAL STANDARD

Defendant brings this motion pursuant to Federal Rule Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 8 at 1. However, the "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Therefore, Defendant's motion is properly the subject of a motion for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that because "the question whether [a] claim is barred by the statute of limitations is not a jurisdictional question, it should . . . be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction").

ORDER ~ 3

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d. 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because a Rule 12(b)(6) motion focuses on the sufficiency of the claim instead of the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide the motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The court must accept all material allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678.

If the court considers evidence outside the pleadings when ruling on a motion to dismiss, it must ordinarily convert the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for

ORDER ~ 4

1  summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

2  Here, Plaintiff attached the declaration of Karina Serrano to the Complaint.
3  ECF No. 1-5.  Since it was attached to the Complaint, this declaration may be
4  considered without converting Defendant's motion to dismiss into a motion for
5  summary judgment.

6  Additionally, Defendant submitted copies of the ALJ's decision and the
7  Notice of Appeals Council Action as exhibits to Dexter Potter's declaration in
8  support of the motion to dismiss.  ECF No. 8-1.  Given that Plaintiff is seeking
9  judicial review of the ALJ's decision denying her benefits and the Notice of Appeals
10 Council Action denying her request for review resulting in the ALJ's decision
11 becoming the final decision of the Commissioner, these documents are incorporated
12 by reference in the Complaint.  *See* ECF No. 1.  The authenticity of these documents
13 is not in dispute.  Therefore, under the doctrine of incorporation by reference, the
14 Court may properly consider the documents attached to the motion without
15 converting the motion into one for summary judgment.  *See U.S. v. Ritchie*, 342 F.3d
16 at 908 ("Even if a document is not attached to a complaint, it may be incorporated by
17 reference into a complaint if . . . the document forms the basis of the plaintiff's
18 claim"); *see also Olga Y. v. Comm'r of Soc. Sec.*, Case No. 3:19-CV-5894-DWC,
19 2020 WL 468914, at *2 (W.D. Wash. Jan. 29, 2020) ("[T]he Exhibits [the ALJ
20 decision and Appeals Council Denial of Review,] are ones upon which the Plaintiff's
21 complaint depends, thus, the Court will consider them as incorporated by

ORDER ~ 5

reference.").

## DISCUSSION

The issue before the Court is whether Plaintiff's filing of the complaint on December 7, 2020 was outside the 60-day statute of limitations for Plaintiff to request judicial review of the Commissioner's final decision.  Defendant argues that the 60-day period began running five days after the September 21, 2020 Notice of Appeals Action.  ECF No. 8.  Plaintiff argues that the 60-day period began running the day the Notice of Appeals Action was received by her.  ECF No. 9.

The Social Security Act (the Act) states the following regarding judicial review:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  The Code of Federal Regulations further defines the time period for instituting a civil action:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

ORDER ~ 6

20 C.F.R. § 422.210(c).  While there appears to be a conflict between the Act's language counting the 60 days from the date of mailing and the Regulations' language counting the 60 days from date of receipt, that is not the issue raised by the parties.  Instead, both parties are relying on the language of the Regulations.  Defendant argues that the 60 days starts five days after the Appeals Council Notice was issued, and Plaintiff argues it starts the day it was received by her.  Here, the Regulations creates a presumption that the date of receipt is five days after the date of Appeals Council Notice: "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice . . ." 20 C.F.R. § 422.210(c).  However, this presumption is rebuttable: ". . . unless there is a reasonable showing to the contrary." *Id*.  This rebuttable presumption is reflected in the Appeals Council Notice of Action itself: "The 60 days starts the day after you receive this letter.  We assume you receive this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." ECF No. 8-1 at 56.

Plaintiff's Complaint rebutted the 5-day presumption by alleging that the Notice of Appeals Council Action was received on October 7, 2020.  ECF No. 1 at 2.  She then supported this allegation with the Declaration of Karina Serrano, an employee of Plaintiff's attorney.  ECF No. 1-5.  Since Defendant's Motion to Dismiss is considered under Federal Rule of Civil Procedure 12(b)(6), the

ORDER ~ 7

allegations in the Complaint and the Declaration of Karina Serrano must be accepted as true and construed in light most favorable to Plaintiff. *Cahill*, 80 F.3d at 337-38.

Plaintiff asserts that the 60-day period began the day the Notice of Appeals Council was received, October 7, 2020. ECF Nos. 1, 9. This results in the 60-day period expiring on Sunday, December 6, 2020. Since the last day falls on a Sunday, the final day for filing would have been Monday, December 7, 2020. Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."). If the language of the Notice of Appeals Council Action is strictly followed, the 60-day period began the day after the Notice of Appeals Council Action was received, October 8, 2020, meaning the last day for filing the Complaint would have been Monday, December 7, 2020. Here, the Complaint was filed on Monday, December 7, 2020. ECF No. 1. Therefore, the action was initiated within the 60-day period, and Defendant's Motion to Dismiss is DENIED.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 8**, is **DENIED**.

2. Defendant shall file the administrative record within **thirty (30) days** of the date of this Order. If further extension of time is necessary, Defendant shall file a motion in advance of the deadline pursuant to Federal Rule of Civil Procedure 6(b).

ORDER ~ 8

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 17, 2021.

                               *s/Fred Van Sickle*
                                 Fred Van Sickle
                  Senior United States District Judge

ORDER ~ 9