FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2022

SEAN F. McAVOY, CLERK

1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                       EASTERN DISTRICT OF WASHINGTON

7   CARRIE D.,

8           Plaintiff,                          No: 1:20-CV-03227-LRS

        v.
9                                               ORDER GRANTING, IN PART,
                                                PLAINTIFF'S MOTION FOR
10  KILOLO KIJAKAZI, Acting                     SUMMARY JUDGMENT
    Commissioner of the Social Security
    Administration,
11
            Defendant.
12

13         BEFORE THE COURT are the parties' cross-motions for summary

14  judgment. ECF Nos. 18, 23. This matter was submitted for consideration without

15  oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is

16  represented by Special Assistant United States Attorney Danielle R. Mroczek. The

17  Court, having reviewed the administrative record and the parties' briefing, is fully

18  informed. For the reasons discussed below, the Court **GRANTS, in part,**

19  Plaintiff's Motion for Summary Judgment, ECF No. 18, **DENIES** Defendant's

20  Motion for Summary Judgment, ECF No. 23, and **REMANDS** the case to the

21  Commissioner for additional proceedings.

ORDER ~ 1

**JURISDICTION**

Plaintiff Carrie D.[1] filed an application for Disability Insurance Benefits (DIB) on June 26, 2017, Tr. 68, alleging disability since January 27, 2016, Tr. 172, due to Hashimoto's, small fiber neuropathy, autonomic autoimmune ganglionopathy, postural orthostatic tachycardia syndrome (POTS), mild slow bowel (gastroparesis), sensitivity to medications (unable to take medications for pain), Factor V Leiden, lupus anticoagulant positive, lupus antibody positive, and posttraumatic stress disorder (PTSD), Tr. 212.  Benefits were denied initially, Tr. 106-08, and upon reconsideration, Tr. 112-18.  A hearing before Administrative Law Judge M.J. Adams ("ALJ") was conducted on March 11, 2020.  Tr. 43-67.  The ALJ took the testimony of Plaintiff, who was represented by counsel, and of vocational expert Kimberly Mullinax.  *Id.*  At the hearing, Plaintiff amended her alleged date of onset to January 1, 2017.  Tr. 51.  The ALJ denied benefits on March 26, 2020.  Tr. 15-29.  The Appeals Council denied Plaintiff's request for review on September 21, 2020, Tr. 1-5, and the ALJ's March 26, 2020 decision became the final decision of the Commissioner.  This case is now before this Court pursuant to 42 U.S.C. § 405(g).  ECF No. 1.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

1

## BACKGROUND

2    The facts of the case are set forth in the administrative hearing and

3 transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

4 Only the most pertinent facts are summarized here.

5    Plaintiff was 45 years old at the amended alleged onset date. Tr. 172. She

6 completed the twelfth grade in 1990. Tr. 213. Plaintiff had a work history as an

7 administrator, counter manager, leasing agent, manager, and business owner. Tr.

8 214. At application, she was still working, but she stated that her conditions

9 caused her to make changes in her work activity as of January 27, 2016. Tr. 212-

10 13.

11

## STANDARD OF REVIEW

12    A district court's review of a final decision of the Commissioner of Social

13 Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

14 limited; the Commissioner's decision will be disturbed "only if it is not supported

15 by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

16 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

17 reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

18 (quotation and citation omitted). Stated differently, substantial evidence equates to

19 "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and

20 citation omitted). In determining whether the standard has been satisfied, a

21 reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v.*

1  *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

2  the burden shifts to the Commissioner to establish that (1) the claimant is capable

3  of performing other work; and (2) such work "exists in significant numbers in the

4  national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

5  389 (9th Cir. 2012).

6  **THE ALJ'S FINDINGS**

7  At step one, the ALJ found that Plaintiff had not engaged in substantial

8  gainful activity since the amended alleged onset date, January 1, 2017.  Tr. 17.  At

9  step two, the ALJ found that Plaintiff had the following severe impairments:

10  disorder of autonomic nervous system – POTS; and thyroid disease.  Tr. 17.  At

11  step three, the ALJ found that Plaintiff did not have an impairment or combination

12  of impairments that meets or medically equals the severity of a listed impairment.

13  Tr. 20.  The ALJ then found that Plaintiff had the RFC to perform light work as

14  defined in 20 CFR § 404.1567(b) with the following limitations:

15      she can never climb ladders, ropes, or scaffolds; she can occasionally
   crawl; she can frequently balance, stoop, crouch, kneel, and climb ramps
16      and stairs; she must avoid concentrated exposure to extreme heat and to
   fumes, odors, dust, gases, and poor ventilation, or to hazards such as
17      dangerous machinery or unprotected heights.

18  Tr. 21.  At step four, the ALJ found that Plaintiff was able to perform her past

19  relevant work as an administrator of a health-care facility, general manager of a

20  farm, or as an office manager.  Tr. 26.  As an alternative to a denying the claim at

21  step five, the ALJ made a step five determination that, considering Plaintiff's age,

ORDER ~ 7

education, work experience, and RFC, there were other jobs that exist in significant

numbers in the national economy that Plaintiff could perform, including fast food

worker, cashier 2, assembler, and document preparer.  Tr. 28.  On that basis, the

ALJ concluded that Plaintiff was not under a disability, as defined in the Social

Security Act since the amended alleged date of onset, January 1, 2017, through the

date of the decision.  Tr. 28.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her DIB under Title II of the Social Security Act.  ECF No. 9.  Plaintiff raises the

following issues for this Court's review:

1.    Whether the ALJ properly addressed the  medical opinion evidence;

2.    Whether the ALJ or the Appeals Council properly addressed the opinion

       of Rox Burkett, M.D.;

3.    Whether the ALJ properly addressed Plaintiff's symptom statements; and

4.    Whether the ALJ erred at step two.

## DISCUSSION

## 1.    Medical Source Opinions

Plaintiff challenges the ALJ's treatment of the opinions of Nathaniel Sowa,

M.D., Steven Haney, M.D., Carol Moore, Ph.D., and Kathleen King, Ph.D. and

argues that the ALJ failed to consider opinion evidence from Joshua Bucker, M.D.,

Jaideep Shenoi, M.D., Matthew Davis, M.D., Sara Wisner, ARNP, and Coleen

Foreman, PA-C.  ECF No. 18 at 8-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 404.1520c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 404.1520c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(b).  The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

ORDER ~ 9

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[2]

## A.    Nathanial Sowa, M.D.

On September 13, 2017, Dr. Sowa completed a psychological evaluation of Plaintiff and diagnosed her with PTSD.  Tr. 772-77.  He provided a medical source statement that was based on claimant's psychiatric condition only as assessed by the information available on the date of the evaluation, including Plaintiff's mental

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician.  ECF Nos. 18 at 8-9, 23 at 7-8.  The Ninth Circuit has held that the new regulations displace its prior caselaw and the specific and legitimate standard no longer applies.  *See Woods v. Kijakazi*, 32 F.4th 758, 787 (9th Cir. 2022).

1  status exam.  Tr. 776.  He opined that Plaintiff's ability to perform work activities

2  on a consistent basis without special or additional instructions was fair "based on

3  the claimant's performance on the cognitive exam."  Tr. 776.  He stated that

4  Plaintiff's ability to perform work duties at a sufficient pace was poor "based on

5  the claimant's ability to perform activities of daily living, largely related to her

6  physical health concerns."  Tr. 776.  He further found that Plaintiff's ability to

7  maintain regular attendance in the workplace and completed a normal workday

8  without interruptions is poor "based on her ongoing, chronic medical concerns."

9      The ALJ found the opinion to be not persuasive for three reasons: (1) it was

10  vague; (2) the moderate to marked limitations were not supported by Dr. Sowa's

11  exam; and (3) the opinion was based on Plaintiff's self-reported symptoms.  Tr. 25.

12  All three of these reasons speak to the opinion's supportability.  *See* 20 C.F.R. §

13  404.1520c(c)(1) ("The more relevant the objective medical evidence and

14  supporting explanations presented by a medical source are to support his or her

15  medical opinion(s) . . ., the more persuasive the medical opinions . . . will be.").

16  The ALJ is required to discuss the factors of supportability *and* consistency.  20

17  C.F.R. § 404.1520c(b)(2).  The ALJ stated that "I have found her mental

18  impairment to be non-severe," in discussing Dr. Sowa's opinion and cites to the

19  step two finding.  Tr. 25.  However, this hardly raises to the level of discussing

20  consistency.  *See* 20 C.F.R. § 404.1520c(c) ("The more consistent a medical

21  opinion(s) . . . is with the evidence from other medical sources and nonmedical

sources in the claim, the more persuasive the medical opinion(s) . . . will be.").
Therefore, the ALJ erred by failing to discuss the factor of consistency.

Furthermore, the ALJ is required to include limitations from all impairments
in the RFC determination, including those impairments that are nonsevere.  S.S.R.
96-08p ("In assessing RFC, the adjudicator must consider limitations and
restrictions imposed by all of an individual's impairments, even those that are not
'severe.'").  Therefore, simply finding the impairment to be nonsevere is not a
reason to exclude limitations from that impairment in the RFC determination and
does not equate to addressing consistency as defined in 20 C.F.R. § 404.1520c(c).

Therefore, the case is remanded for the ALJ to properly address the opinion
of Dr. Sowa under the new regulations set forth in 20 C.F.R. § 404.1520c.

**B.    Steven Haney, M.D. and Carol Moore, Ph.D.**

On September 21, 2017, Dr. Haney reviewed the medical evidence available
in the file at that time, including Dr. Sowa's evaluation and opinion.  Tr. 70.  He
identified the medically determinable impairment of "Trauma and Stressor-Related
Disorders," and, under the Psychiatric Review Technique (PRT), found that
Plaintiff had a moderate limitation in concentration, persistence, or maintaining
pace.  Tr. 75.  He provided a medical source statement that Plaintiff's PTSD
"would interfere with her ability to persist through a normal workweek but this is
not so severe that it would prevent her from being able to sustain detailed
instructions in a[n] acceptably consistent manner."  Tr. 81.  On April 27, 2017, Dr.

Moore reviewed the medical evidence available in the record at that time, and provided identical findings.  Tr. 94, 99.

The ALJ found these opinions to be not persuasive for two reasons: (1) they were vague; and (2) the record did not contain evidence of more than mild limitations in any of the mental domains.  Tr. 25.  She further stated that "I find claimant's mental impairment to be non-severe, I do not find that she has any mental limitations in her residual functional capacity."  Tr. 25.

As identified above, a discussion of vagueness addresses an opinion's supportability under 20 C.F.R. § 404.1520c(c)(1).  The discussion of supporting evidence addresses consistency under 20 C.F.R. § 404.1520c(c)(2).  The ALJ is required to address both supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  Here, the ALJ's discussion of consistency, that the record does not contain evidence of more than mild limitations in any of the mental domains," is not sufficient.  The ALJ references her step two findings that Plaintiff's PTSD was not severe and her PRT findings that all four areas in the PRT had no more than mild limitations.  Tr. 25 *citing* Tr. 19-20.

The PRT is used to evaluate the severity of psychological impairments and rates a claimant's degree of functional limitations in four broad functional areas: (1) understanding, remember, or applying information; (1) interacting with others; (3) concentrating, persistence, or maintaining pace; and (4) adapting or managing oneself.  20 C.F.R. § 404.1520a.  However, the PRT is limited to findings at steps

two and three.  POMS DI 24583.005.  "The mental RFC assessment used at steps 4

and 5 . . . requires a more detailed assessment by itemizing various functions

contained in the broad categories found in paragraphs B and C of the adult mental

disorders listings in 12.00 of the Listing of Impairments, and summarized on the

PRT."  POMS DI 24510.006.  Therefore, the ALJ's PRT finding at step two is not

equivalent to an RFC determination.  This is not a sufficient explanation of the

opinion's consistency.  In finding that the new regulations displace prior case law,

the Ninth Circuit emphasized that an explanation supported by substantial evidence

is still required:

> Even under the new regulations, an ALJ cannot reject an examining or
> treating doctor's opinion as unsupported or inconsistent without
> providing an explanation supported by substantial evidence.  The
> agency must "articulate . . . how persuasive" it finds "all of the medical
> opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b),
> and "explain how [it] considered the supportability and consistency
> factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Woods*, 32 F.4th at 792.  Therefore, the ALJ failed to adequately address

consistency when discussing the persuasiveness of the opinions.  Upon remand, the

ALJ will also readdress these opinions.

**C.    Kathleen King, Ph.D.**

Dr. King provided an undated letter summarizing her treatment of Plaintiff.

Tr. 742.  She diagnosed Plaintiff with other specified cardiac arrhythmias and

PTSD, unspecified.  Tr. 742.  She provided the following statement:

> [Plaintiff] has an extensive history of trauma dating back to her family
> of origin to more recent incidents involving her estranged husband. Her

ORDER ~ 14

1
2
3

> prognosis is good, but highly dependent on her continuous participation in trauma-focused therapy. She continues to experience intrusive symptoms and struggles with cognitive and emotional grounding, thus affecting [Plaintiff]'s functioning when triggered. These symptoms affect [Plaintiff]'s social interactions and relationships.

4 Tr. 742. The ALJ found this opinion to be not persuasive for three reasons: (1) it

5 does not describe any workplace functional limitations or explanations on how the

6 vague functional limitations would affect Plaintiff's ability to work; (2) the brief

7 statement contains little support; and (3) it is not consistent with the record. Tr.

8 25-26.

9 The ALJ's first two reasons, failure to describe workplace functional

10 limitations and brevity of the statement, speak to the supportability of the opinion

11 under 20 C.F.R. § 404.1520c(c)(1). The ALJ's third reason, that the opinion was

12 not consistent with the record, addresses the opinion's consistency under 20 C.F.R.

13 § 404.1520c(c)(2). The ALJ supported her findings with the general statement that

14 the record "contains generally normal interactive findings such as normal speech

15 and affect," and that Dr. King's own records fail to support limitations with social

16 interactions. Tr. 26. The ALJ provided no citation to the record in support of these

17 statements. Tr. 26. This is an insufficient explanation under *Woods*. Therefore,

18 on remand, the ALJ will readdress the opinion.

19 ### D.    Joshua Buckler, M.D.

20 On November 7, 2017, Dr. Buckler stated in the "Interval History" section

21 of the exam notes that Plaintiff "is increasingly incapacitated and she is unable to

ORDER ~ 15

1   work at this point.  She cannot stand for any length of time.  She often has to

2   frequently lay down."  Tr. 824.  In January of 2018, Dr. Buckler sent a letter to Dr.

3   Mittal stating that Plaintiff's POTS "is quite debilitating and absolutely makes her

4   a candidate for disability."  Tr. 805.

5          The ALJ did not address the statements made by Dr. Buckler in her decision.

6   Plaintiff asserts that the ALJ erred by failing to discuss these statements arguing

7   that they rise to the level of medical source opinions.  ECF No. 18 at 10-11.

8   Medical opinions are defined as "a statement from a medical source about what

9   you can still do despite your impairment(s) and whether you have one more

10  impairment-related limitations or restrictions" in abilities such as sitting, standing,

11  walking.  20 C.F.R. 404.1513(a)(2).  Here, Dr. Buckler's November 2017

12  statement addressed walking and standing, but it was made as part of the "Interval

13  History" section and appears to be a representation of what Plaintiff stated at the

14  appointment:

15         [Hard] time dry her hair.  She has issues with rapid heart rate at times.
           The fatigue is the wors[t].  Recently she has had 2 episodes of sudden
16         drop in her heart rate into the 30s in which she feels very fatigued.  This
           is measured by her iWatch[.]  We do not have any cardiac tracing data
17         from this.  No syncope.  She is increasingly incapacitated and she is
           unable to work at this point.  She cannot stand for any length of time.
18         She often has to frequently lay down.

19  Tr. 824.  As a reproduction of Plaintiff's reports, it does not qualify as a medical

20  source opinion.  Therefore, the ALJ was not required to address it in her decision.

21         The ALJ was not required to address Dr. Buckler's January 2018 statement

1   to Dr. Mittal.  A finding that Plaintiff is disabled is an issue reserved for the

2   Commissioner, and such an opinion from a medical source is considered neither

3   valuable nor persuasive and does not need to be discussed in the ALJ decision.  20

4   C.F.R. § 404.1520b(c).  Therefore, the ALJ did not err in not addressing Dr.

5   Buckler's statements.

6         **E.    Jaideep Shenoi, M.D., Sara Wisner, ARNP, Coleen Foreman, PA-**

7         **C, and Matthew Davis, M.D.**

8         In April and May of 2016, Dr. Shenoi stated that "[w]hile on anticoagulation

9   – she is safe to travel – with keeping active inflight – 5 min ambulation every hr."

10  Tr. 459, 465.  Physician's Assistant Foreman repeated this in August of 2016.  Tr.

11  462.  Nurse Wiser repeated this in March of 2017.  Tr. 456.  In April of 2017, Dr.

12  Davis stated that "patient notes that when she is seated raising her legs is

13  substantially beneficial.  I have written a letter to her airline asking for considering

14  regarding the same." Tr. 505-06.  Plaintiff asserts that the ALJ erred in failing to

15  discuss these statements and argues that these are medical opinions under the

16  regulations.  ECF No. 18 at 18.

17        Medical opinions are defined as "a statement from a medical source about

18  what you can still do despite your impairment(s) and whether you have one more

19  impairment-related limitations or restrictions" in abilities to meet the physical

20  demands of work.  20 C.F.R. 404.1513(a)(2).  The Commissioner defines work as

21  the meeting the demands in an ordinary work setting on a regular and continuing

basis, consistent with eight hours a day, five days a week, or equivalent work

schedule. S.S.R. 96-8p. It is conceivable that the need to elevate her legs and

ambulate routinely during travel may have corresponding workplace limitations.

Therefore, on remand, the ALJ will discuss these statements.

In conclusion, the case is remanded for the ALJ to properly address the

medical source opinions as discussed above. Additionally, the ALJ will call a

medical expert to provide testimony regarding Plaintiff's physical RFC.

**2.    Rox Burkett, M.D.**

Following the ALJ's hearing, but before the ALJ's decision, Plaintiff

submitted a statement from Dr. Burkett. Tr. 35. This evidence was not associated

with the record in the ALJ's determination. Tr. 32-33. The Appeals Council

considered the statement and found that the "evidence does not show a reasonable

probability that it would change the outcome of the decision," and did not exhibit

the evidence. Tr. 2.

Plaintiff argues that the ALJ erred by not including the evidence in the list of

exhibits when making her decision and, in the alternative, that the Appeals Council

erred by not remanding the case back to the ALJ to address the evidence. ECF No.

18 at 3-5. Defendant argues that Plaintiff was required to submit evidence five

days prior to the ALJ hearing in accord with 20 C.F.R. § 404.1535(a); therefore,

the evidence did not have to be considered. ECF No. 23 at 14-15.

Initially, the Court notes that the regulations require claimants to disclose

1    any additional evidence at "each level of the administrative review process,

2    including the Appeals Council level if the evidence relates to the period on or

3    before the date of the administrative law judge hearing decision." 20 C.F.R. §

4    404.1512(a).  Therefore, Plaintiff acted accordingly by submitting the new

5    evidence to the record even if it post-dated Plaintiff's hearing and pre-dated the

6    ALJ decision.

7         Furthermore, the Ninth Circuit has held that district courts do not have

8    jurisdiction to review a decision of the Appeals Council denying a request for

9    review of an ALJ's decision because the Appeals Council decision is a non-final

10   agency action.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th

11   Cir. 2012) *citing Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th

12   Cir. 2011).  When the Appeals Council denies a request for review, the ALJ's

13   decision becomes the final decision of the Commissioner and the district court

14   reviews the ALJ's decision for substantial evidence based upon the record as a

15   whole.  *Id*. at 1161-62.  "[T]he administrative record includes evidence submitted

16   to and considered by the Appeal Council."  *Id*. at 1162.  When the Appeals Council

17   fails to "consider" additional evidence that meets the requirements set forth in 20

18   C.F.R. § 404.70(b), remand to the ALJ is appropriate.  *Taylor*, 659 F.3d at 1233.

19   Therefore, whether or not the Appeals Council "considered" new evidence dictates

20   whether or not a remand is appropriate.  *See Brewes*, 682 F.3d at 1162 ("the final

21   decision of the Commissioner includes the Appeals Council's denial of review, and

the additional evidence considered by that body is 'evidence upon which the

findings and decision complained of are based'"); *see Amor v. Berryhill*, 743 F.

App'x 145, 146 (9th Cir. 2018) ("here the Appeals Council only looked at the

evidence, and determined it did not meet the standard for consideration," and

therefore, "the new evidence did not become part of the record, and we may not

consider it").

Here, the evidence was submitted to the ALJ before the date of ALJ

decision, but not associated with the record.  It was thereafter associated with the

record forwarded to the Appeals Council on review.  It was new as it was not

elsewhere in the record, and it was material as it specifically addressed Plaintiff's

medical records and functional ability prior to the ALJ decision.  Tr. 35-42.  The

only part of 20 C.F.R. § 404.970(a)(5)-(b) that the Appeals Council discussed was

that the evidence did "not show a reasonable probability that it would change the

outcome of the decision."  Tr. 2.

This Court joins others in finding that it is not clear how the Appeals

Council determined that the new evidence would not impact the outcome of the

ALJ's decision while simultaneously not considering it and not associating it with

the record.  *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at

*5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM,

2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v.

Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak.

ORDER ~ 20

Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT, 2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019).  Therefore, the Appeals Council should have exhibited the evidence as part of the administrative record. Nonetheless, while the records are not assigned an exhibit number, they are incorporated with the administrative record filed before this Court.  *See* ECF No. 16.  Therefore, the failure to exhibit the evidence is only an error if the ALJ's determination is not supported by substantial evidence considering the record as a whole, including the records submitted to the Appeals Council.

Here, the case is being remanded for the ALJ to properly address the medical opinions in the record.  Therefore, the ALJ will exhibit the evidence from Dr. Burkett and supplement the record with any additional outstanding evidence. She will call a medical expert to testify as to whether the impairment meets or equals a listing and Plaintiff's RFC in light of the new evidence.

### 3.    Plaintiff's Symptom Statements

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 18 at 18-21.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

1    testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d

2    1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

3    The ALJ found Plaintiff's "statements concerning the intensity, persistence,

4    and limiting effects of these symptoms are not entirely consistent with the medical

5    evidence and other evidence in the record for the reasons explained in this

6    decision." Tr. 22. The evaluation of a claimant's symptom statements and their

7    resulting limitations relies, in part, on the assessment of the medical evidence. *See*

8    20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being

9    remanded for the ALJ to readdress the medical source opinions in the file, a new

10   assessment of Plaintiff's subjective symptom statements will be necessary.

11   **4.    Step Two**

12   Plaintiff challenges the ALJ's step two decision because she found

13   Plaintiff's PTSD was not a severe impairment. ECF No. 18 at 5-8.

14   The step-two analysis is "a de minimis screening device used to dispose of

15   groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An

16   impairment is "not severe" if it does not "significantly limit" the ability to conduct

17   "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are

18   "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An

19   impairment or combination of impairments can be found not severe only if the

20   evidence establishes a slight abnormality that has no more than a minimal effect on

21   an individual's ability to work." *Smolen*, 80 F.3d at 1290 (internal quotation marks

ORDER ~ 22

omitted).  A claimant's own statement of symptoms alone will not suffice.  *See* 20 C.F.R. § 404.1521.

The ALJ found that Plaintiff had only physical impairments at step two: POTS and thyroid disease.  Tr. 17.  The ALJ discussed Plaintiff's mental health complaints, but found that her PTSD "does not cause more than minimal limitation in claimant's ability to perform basic mental work activities and is therefore non-severe." Tr. 19.  The case is being remanded for the ALJ to readdress all the psychological opinions in the record including multiple mental health opinions. Therefore, the ALJ will also readdress Plaintiff's alleged mental health impairments at step two.

## CONCLUSION

Here, Plaintiff requests that the case be remanded for additional proceedings. ECF No. 18 at 9-10.  The Court finds that further administrative proceedings are appropriate for the evidence from Dr. Burkett to be properly addressed.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  Upon remand, the ALJ will readdress the medical opinions as discussed above, consider the new evidence from Dr. Burkett, readdress Plaintiff's symptom statements, and readdress Plaintiff's alleged mental health impairments at step two.  The ALJ will supplement the record with any outstanding evidence, call a medical expert to provide testimony regarding steps

two, three, and Plaintiff's RFC, and call a vocational expert to provide testimony

regarding steps four and five based on the new RFC determination.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED,**
   **in part,** and the matter is **REMANDED** to the Commissioner for
   additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 23, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to

counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 6, 2022.

LONNY R. SUKO
Senior United States District Judge

ORDER ~ 24